STATE of Wisconsin, Petitioner-Respondent,

v.

Kevin GIEBEL, Defendant-Appellant.

Court of Appeals

*No. 94–2225–CR. Submitted on briefs June 9, 1995.—Decided November 22, 1995.*

(Also reported in 541 N.W.2d 815.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *R. Scott Miller, Jr.*, Attorney at Law, of Oshkosh.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *James E. Doyle*, Attorney General, and *Marguerite M. Moeller*, Assistant Attorney General.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

ANDERSON, P.J. Kevin Giebel appeals from a judgment of conviction and an order denying his postconviction motion. Because we conclude that none of Giebel's contentions have any merit, we affirm.

At his arraignment, Giebel waived the reading of the information and entered no contest pleas to robbery, contrary to §§ 943.32 and 939.05, STATS., and misdemeanor battery, contrary to § 940.19(1), STATS. The trial court conducted a plea colloquy and inquired whether anyone had forced or threatened Giebel to induce him to plead no contest to the charges, whether Giebel understood that the court could impose maximum sentences and whether Giebel understood the plea agreement.[1] The trial court also advised Giebel of the constitutional rights he would waive by entering no contest pleas.

The trial court confirmed the extent of Giebel's formal education and his ability to read and write English. After determining that Giebel was not suffering from any mental condition and was not under a doctor's care, the trial court accepted Giebel's no contest pleas as having been intelligently and voluntarily entered. The trial court failed to personally address Giebel and verify that he understood each element of the crimes with which he was charged. The trial court ultimately sentenced Giebel to four years in prison for robbery and a consecutive two-year term for battery.

Giebel also completed a plea questionnaire and waiver of rights form for each charge. The area on the forms for listing the elements of the crimes is blank.

Giebel filed a motion for postconviction relief in which he sought to withdraw his plea on the grounds that the plea colloquy was inadequate because he was

---

[1] The State agreed not to seek a penalty enhancer or any additional charges relating to the crimes.

not informed of the elements of the offense of armed robbery. He also sought a modification of his sentence on the grounds that there were new factors, the sentence was unduly harsh and unconscionable and he was the victim of ineffective assistance of counsel.

At the hearing on Giebel's postconviction motion to withdraw his plea, his trial counsel testified that he "believed" he reviewed the elements of the charges with Giebel using the criminal complaint. Trial counsel stated that he never completes the elements portion of the plea questionnaire. In its order denying Giebel's motion to withdraw his no contest pleas on the grounds of ineffective assistance of trial counsel, the trial court found that trial counsel had discussed the elements with Giebel.

### WITHDRAWAL OF PLEA

Whether to permit a defendant to withdraw a no contest plea is discretionary with the trial court. *State v. Harrell,* 182 Wis. 2d 408, 414, 513 N.W.2d 676, 678 (Ct. App.), *cert. denied,* 513 U.S. —, 115 S. Ct. 167 (1994). Postconviction plea withdrawal is permitted only to correct a manifest injustice. *Id.* A plea which is not knowingly, voluntarily or intelligently entered is a manifest injustice. *Id.* The defendant bears the burden of showing the necessity for plea withdrawal by clear and convincing evidence. *See id.*

The procedure the trial court must follow when a defendant maintains that the § 971.08, STATS., procedure is not undertaken or whenever court-mandated duties are not fulfilled at the plea hearing is set forth in *State v. Bangert,* 131 Wis. 2d 246, 274, 389 N.W.2d 12, 26 (1986). We repeat that procedure here because of

confusion in this case as to what a defendant must allege in his or her motion for withdrawal of a plea where there is a claim that the trial court failed to follow the proper procedure at the plea hearing.[2] The confusion arises because in *Bangert*, the requirements on a defendant appear to be stated in two different ways.

First, in explaining the procedure that should be followed, the supreme court wrote:

> Whenever the sec. 971.08 procedure is not undertaken or whenever the court-mandated duties are not fulfilled at the plea hearing, the defendant may move to withdraw his plea. The initial burden rests with the defendant to make a *prima facie* showing that his plea was accepted without the trial court's conformance with sec. 971.08 or other mandatory procedures as stated herein. Where the defendant has shown a *prima facie* violation of sec. 971.08(1)(a) or other mandatory duties, and alleges that he in fact did not know or understand the information which should have been provided at the plea hearing, the burden will then shift to the state to

---

[2] This issue was not raised in the original briefs filed with this court. Rather, after we had released a per curiam opinion holding that the plea hearing had been inadequate, the State raised this issue in a letter requesting reconsideration. Although RULE 809.24, STATS., provides that a motion for reconsideration is not permitted, the rule does permit this court to reconsider a decision or opinion on its own motion. This rule is tempered in the Internal Operating Procedures of this court that allows a party to promptly file a request for reconsideration of a decision. WIS. CT. APP. IOP VI § 6 (June 13, 1994). Upon receipt of the State's letter, this court ordered the per curiam opinion withdrawn and Giebel was given the opportunity to file supplementary argument limited to whether his motion to withdraw his plea met the *Bangert* requirements.

213

show by clear and convincing evidence that the defendant's plea was knowingly, voluntarily, and intelligently entered, despite the inadequacy of the record at the time of the plea's acceptance. The state may then utilize any evidence which substantiates that the plea was knowingly and voluntarily made. In essence, the state will be required to show that the defendant in fact possessed the constitutionally required understanding and knowledge which the defendant alleges the inadequate plea colloquy failed to afford him. The state may examine the defendant or defendant's counsel to shed light on the defendant's understanding or knowledge of information necessary for him to enter a voluntary and intelligent plea. The state may also utilize the entire record to demonstrate by clear and convincing evidence that the defendant knew and understood the constitutional rights which he would be waiving.

*Bangert*, 131 Wis. 2d at 274-75, 389 N.W.2d at 26 (citations omitted).

However, in language that immediately follows the above discussion and is denominated as the "holding," the supreme court omits any reference to the requirement that the defendant "allege[ ] that he in fact did not know or understand the information which should have been provided at the plea hearing," *see id.* at 274, 389 N.W.2d at 26, and states:

We thus hold that when a defendant shows a *prima facie* violation of sec. 971.08 or a failure of the court to meet other enumerated obligations, including the duty to inform him of his constitutional rights or a failure to ascertain his knowledge thereof, the state bears the burden of showing by clear and convincing evidence that the plea was knowingly and voluntarily made.

*Bangert,* 131 Wis. 2d at 275, 389 N.W.2d at 26-27 (citation omitted).[3]

Relying upon our decision in *Harrell,* Giebel argues that he is not required to allege that he in fact did not know or understand the information which should have been provided at the plea hearing. Giebel strives to find relief in our terse recitation of the *Bangert* procedure:

> The burden initially rests with Harrell to make a prima facie showing that his plea was not accepted in conformance with § 971.08, or other mandated procedures. The burden then shifts to the State to show by clear and convincing evidence that, despite an inadequate plea transcript, Harrell's plea was knowingly, voluntarily and intelligently entered.

*Harrell,* 182 Wis. 2d at 415, 513 N.W.2d at 678 (citation omitted).

██

*Harrell* does not provide the relief that Giebel seeks.[4] We conclude that when *Bangert* is read in a

_____

[3] Unhappily, this difference in language has created confusion. We have reviewed all published and unpublished appellate decisions relying upon *Bangert* and have found that twenty-three decisions make reference to the dual requirements of a defendant (1) making a prima facie showing of failure to comply with § 971.08, STATS., or other mandated procedures; and (2) alleging that he or she in fact did not know or understand the information that should have been provided. Fifteen decisions failed to take note of the second *Bangert* requirement and exclusively relied upon the first requirement.

[4] An obvious reason why *State v. Harrell,* 182 Wis. 2d 408, 513 N.W.2d 676 (Ct. App.), *cert. denied,* 513 U.S. —, 115 S. Ct. 167 (1994), is not a refuge for Giebel is that under our state's constitution, the Court of Appeals is bound by all of the decisions of the Supreme Court of Wisconsin and is incapable of

common-sense fashion, it imposes upon a defendant seeking to challenge a plea hearing two threshold requirements to a postconviction evidentiary hearing. First, the defendant must make a showing of a prima facie violation of § 971.08(1)(a), STATS., or other mandatory duties. *Bangert*, 131 Wis. 2d at 274, 389 N.W.2d at 26. Second, the defendant must allege that he or she in fact did not know or understand the information which should have been provided at the plea hearing. *Id*. This second requirement was not modified by subsequent language in *Bangert*; it was just phrased differently. In the "holding" of *Bangert,* this second requirement is the provision that the defendant must show that the court failed to establish the defendant's lack of knowledge of his or her constitutional rights. *See id.* at 275, 389 N.W.2d at 26-27.

This conclusion is buttressed by the burden placed upon the State to show by clear and convincing evidence that the defendant entered the plea knowingly. As *Bangert* explains, the State may examine the defendant to shed light on the defendant's understanding or knowledge of information necessary for him or her to enter a voluntary and intelligent plea. *Id.* at 275, 389 N.W.2d at 26. There would be no need to place this burden on the State unless there are allegations by the defendant that he or she in fact did not know or understand the information which should have been provided at the plea hearing.[5]

modifying those decisions. *See State v. Grawien*, 123 Wis. 2d 428, 431-32, 367 N.W.2d 816, 817-18 (Ct. App. 1985). Therefore, any attempt by us to relieve a defendant of obligations imposed by the supreme court would be "patently erroneous and usurpative." *Id.* at 432, 367 N.W.2d at 818.

[5] Our decision in *Harrell*, 182 Wis. 2d at 415, 513 N.W.2d at 678, recognizes that when the defendant meets the threshold

██

We will now screen Giebel's motion for postconviction relief using the fine mesh of both threshold requirements. A motion for postconviction relief must be supported by "factual-objective" allegations that refer to facts in the sense of what is really true. *See State v. Saunders*, 196 Wis. 2d 45, 51, 538 N.W.2d 546, 549 (Ct. App. 1995) (quoted source omitted). Giebel's motion contains no allegations that he did not know or understand the elements of armed robbery. While he precisely asserts specific facts describing the trial court's failure to conduct a complete plea colloquy, he fails to include any assertions that meet the second threshold requirement of *Bangert*: that Giebel in fact did not know or understand the information which should have been provided at the plea hearing. *See Bangert*, 131 Wis. 2d at 274, 389 N.W.2d at 26. Because he failed to meet this second threshold requirement, we affirm the trial court's denial of Giebel's motion to withdraw his plea.

## INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, Giebel protests that his trial counsel provided ineffective assistance throughout the course of his case. He asserts that counsel failed to conduct a meaningful investigation that could have unearthed defenses to the charges, failed to provide adequate assistance involving the plea hearing, and failed to

---

requirements, the burden shifts to the State to show that the defendant's plea was knowingly entered. Although we do not explicitly set forth the second threshold requirement of *Bangert*, we implicitly included that requirement by restating the burden on the State to prove that the defendant knew or understood the information which should have been provided at the plea hearing.

adequately prepare for the sentencing hearing. Because Giebel limited his postconviction motion to an assertion that trial counsel was ineffective at sentencing, we will limit our review to that part of the proceedings.

Issues not raised in a postverdict motion are not reviewable as a matter of right. *Rennick v. Fruehauf Corp.*, 82 Wis. 2d 793, 808, 264 N.W.2d 264, 271 (1978). This is especially true when Giebel claims ineffective assistance of trial counsel. *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905, 908 (Ct. App. 1979) ("it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel" at a postconviction hearing). We decline to review allegations of ineffective assistance of counsel that have not been presented to the trial court via Giebel's postconviction motion.

To sustain a claim of ineffective assistance of counsel at sentencing, Giebel must show that counsel's performance was deficient and that counsel's errors were prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984), *cited in State v. Ludwig*, 124 Wis. 2d 600, 607, 369 N.W.2d 722, 725 (1985). We need not address both components of this inquiry if the defendant does not make a sufficient showing on one. *Strickland*, 466 U.S. at 697. The components of performance and prejudice present to this court mixed questions of fact and law. *See State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711, 714 (1985). Findings of historical fact will not be upset unless they are clearly erroneous, *id.* at 634, 369 N.W.2d at 714-15; § 805.17(2), STATS., and the questions of whether counsel's performance was deficient, and, if so, whether it

was prejudicial are legal issues we review de novo, *Pitsch*, 124 Wis. 2d at 634, 369 N.W.2d at 715.

The trial court did not reach *Strickland*'s performance prong because it concluded that Giebel failed to sufficiently demonstrate that he was prejudiced by trial counsel's performance. The trial court concluded that it gave an appropriate sentence that was called for by the information available to it at the sentencing. It found that even if trial counsel had performed at sentencing in the manner suggested by Giebel, the sentence would have been the same. In light of this finding by the trial court and our own review of the sentencing transcript, we conclude that Giebel does not satisfy the prejudice prong even if counsel's performance had been deficient. *See State v. Littrup,* 164 Wis. 2d 120, 136, 473 N.W.2d 164, 170 (Ct. App. 1991).

## MODIFICATION OF SENTENCE

Giebel finally contends that the trial court erred in not modifying his sentence of four years in prison. He argues that his employment record and an expression of remorse to a family member are "new factors" warranting a modification of sentence. In the alternative, he maintains that his sentence is unduly harsh and unconscionable.

Whether Giebel has demonstrated the existence of a "new factor" is a question of law which we decide de novo. *See State v. Franklin*, 148 Wis. 2d 1, 8, 434 N.W.2d 609, 611 (1989). A "new factor" is defined as: "a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in exis-

219

tence, it was unknowingly overlooked by all of the parties." *Id.* (quoted source omitted).

We conclude that Giebel has not demonstrated the existence of a new factor which would justify a reduction in his sentence. The testimony adduced at the postconviction hearing does not constitute a "new factor" under the standard articulated in *Franklin. See id.* At the postconviction hearing, the trial court found that there were no "new factors," stating that "[a]ll those factors were available to this court when imposing sentence here." Giebel's work record was recounted in the presentence investigation report filed with the trial court, and his expression of remorse to a family member after the incident does not detract from the trial court's conclusion that Giebel displayed a general lack of remorse at sentencing.

Giebel asserts that the disparate sentence imposed on his codefendant provides an alternative ground for modification of his sentence. He argues that his four-year sentence to prison is unduly harsh and unconscionable when compared to the codefendant's sentence of one year to the county jail. Giebel assumes that he and his codefendant were similarly situated because they were facing the exact same charges.

We review a trial court's conclusion that a sentence it imposed was not unduly harsh and unconscionable for an erroneous exercise of discretion. *See State v. Ralph,* 156 Wis. 2d 433, 438-39, 456 N.W.2d 657, 659-60 (Ct. App. 1990). The trial court found that it did not consider the sentence given to the codefendant because it had concluded from the presentence investigation that Giebel was a danger to society and merited a prison term. Although a sentence

given to a similarly situated codefendant is relevant to the sentencing decision, *see id.* at 439, 456 N.W.2d at 660, it is not controlling. The trial court's conclusion that Giebel had a vigilante attitude that made him a danger to society is supported by the record and justifies the prison term imposed by the court.[6]

*By the Court.*—Judgment and order affirmed.

[6] Giebel also complains that the trial court sentenced him on the basis of a tattoo he has on his right biceps. The trial court's comment on the tattoo was made in its rulings on the motion to modify sentence. We have independently reviewed the sentencing transcript and it supports the conclusion that the first knowledge the trial court had of the tattoo was after reviewing the presentence investigation report while ruling on the postconviction motions; there is no evidence that the trial court took the tattoo into consideration at the sentencing.