# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3063

_____

United States of America,    *
                             *
    Plaintiff - Appellee,    *
                             *    Appeal from the United States
v.                           *    District Court for the
                             *    District of Nebraska.
Richard Payton,              *
                             *
    Defendant - Appellant.    *

_____

Submitted:  May 16, 2001

Filed:  August 14, 2001

_____

Before LOKEN, JOHN R. GIBSON, and FAGG, Circuit Judges.

_____

LOKEN, Circuit Judge.

In August 1997, Richard Payton pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841 and 846.  In March 1998, Payton moved to withdraw the plea.  In support, his retained attorney submitted under seal a declaration (i) that in advising Payton to plead guilty to a cocaine base offense, counsel had erroneously ignored Payton's earlier claim that he only distributed "twist," a substance not containing cocaine; and (ii) that in advising Payton to plead guilty and seek a substantial assistance downward departure under U.S.S.G. § 5K1.1, counsel had erred in believing Payton could supply

prosecutors with enough information about an alleged conspirator to earn a § 5K1.1 motion. Finding counsel's declaration not credible, the district court[1] denied the motion to withdraw the plea and sentenced Payton to 360 months in prison. Payton appealed the denial of his plea-withdrawal motion. We affirmed, noting that his related claim of ineffective assistance of counsel must be raised by a 28 U.S.C. § 2255 motion. United States v. Payton, 168 F.3d 1103, 1105 n.2 (8th Cir.), cert. denied, 528 U.S. 843 (1999).

Payton then filed a § 2255 motion and now appeals its denial. The district court granted a certificate of appealability on his claim of ineffective assistance of counsel. Payton raises two ineffective assistance issues on appeal. First, echoing his earlier motion to withdraw and relying on counsel's discredited declaration, Payton argues that his guilty plea was induced by counsel's ineffective assistance in advising Payton to plead guilty. We reject this contention for three reasons. (1) The district court found counsel's declaration not credible, that finding is not clearly erroneous, and therefore the claim of ineffective assistance is unproved. (2) The thorough colloquy between Payton and the district court before Payton entered his guilty plea demonstrates that Payton knowingly admitted to having conspired to distribute cocaine base, that he entered the plea knowing the sentencing significance of pleading guilty to a cocaine base offense, and that he understood there were no guarantees he would earn a § 5K1.1 downward departure. Thus, the claim of Strickland prejudice is unproved. (3) In his petition to plead guilty, Payton averred that he was satisfied with counsel's performance, and he failed to raise any dissatisfaction with counsel's performance before entering a guilty plea which the court found knowing and voluntary. In these circumstances, the ineffective assistance claim is untimely because it was first raised in a motion to withdraw the plea. See United States v. Newson, 46 F.3d 730, 732-33 (8th Cir. 1995); United States v. Abdullah, 947 F.2d 306, 312 (8th Cir. 1991), cert. denied, 504 U.S. 921 (1992).

---

[1]The HONORABLE WILLIAM G. CAMBRIDGE, United States District Judge for the District of Nebraska, now retired.

Second, Payton argues that he is entitled to relief from his guilty plea, without a showing of prejudice, because his counsel labored under a conflict of interest in arguing against his own competence in the plea-withdrawal motion and in advising a potential witness, Payton's girlfriend Michelle Jenkins, "not to come to court on [Payton's] behalf." This contention is without merit because Payton failed to prove an actual conflict of interest. As to the plea-withdrawal motion, counsel raised the issue of his own competence and submitted a declaration under seal impugning the quality of his own representation. There is no evidence counsel advocated or pursued his own interests to the detriment of his client's, as a claim of this nature requires. See United States v. Bruce, 89 F.3d 886, 893 (D.C. Cir. 1996). As to the contention counsel had a conflict of interest in representing or advising Michelle Jenkins, the record contains only Payton's unsupported assertions that counsel had an attorney-client relationship with Jenkins which adversely affected counsel's representation of Payton and Payton's decision to plead guilty.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-