# COURT OF APPEALS
## DECISION
## DATED AND FILED

## September 23, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP680-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF124

**IN COURT OF APPEALS**
**DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

STERLING W. KIENBAUM,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Fond du Lac County:  ROBERT J. WIRTZ, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Sterling W. Kienbaum appeals from an order denying his motion for sentence modification. We disagree that the imposed sentence was excessive or that the subsequent resolution of a related civil case against him presented a "new factor." We affirm.

¶2    Kienbaum owned Fox Valley Iron and Metal, a scrap metal business that sells scrap metal by the pound. The State charged Kienbaum with racketeering and five theft counts based on a scheme in which Fox Valley would fill scrap automobiles with extra weight, sell them to Sadoff Iron and Metal, then remove the added weight. The fraudulent seven-year scheme netted Fox Valley, and Kienbaum, over $14 million.

¶3    Kienbaum pled no contest to one count of racketeering and one count of theft. The remaining charges would be dismissed and read in. At the two-day presentence restitution hearing, the parties discussed the still-ongoing civil lawsuit Sadoff had filed against Fox Valley and Kienbaum and, on the second day, advised the court that the parties agreed to a $6 million settlement. Exceeding both parties' recommendations, the court sentenced Kienbaum to consecutive sentences for a total of eleven years' initial confinement (IC) followed by three years' extended supervision (ES).

¶4    Kienbaum moved for sentence modification pursuant to WIS. STAT. § 973.19 (2017-18).[1] Comparing federal sentencing guidelines with Wisconsin's truth-in-sentencing laws, he asserted that his sentence was excessive, as, under the federal guidelines, it would have been thirty-seven to forty-six months in prison.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless noted.

He also argued that the resolution of the civil suit pursuant to a confidential settlement agreement constituted a new factor. He asked the court to reduce his IC to four years. The court denied the motion. Kienbaum appeals.

*Excessive Sentence*

¶5    "We review a trial court's conclusion that a sentence it imposed was not unduly harsh and unconscionable for an erroneous exercise of discretion." ***State v. Giebel***, 198 Wis. 2d 207, 220, 541 N.W.2d 815 (Ct. App. 1995). When a defendant argues that his or her sentence is excessive or unduly harsh, a court may find an erroneous exercise of sentencing discretion "only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." ***Ocanas v. State***, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975). Trial courts must consider three primary factors in passing sentence: the gravity of the offense, the character of the defendant, and the need to protect the public. ***State v. Paske***, 163 Wis. 2d 52, 61-62, 471 N.W.2d 55 (1991). The weight to be given to each factor is particularly within the discretion of the trial court. ***Ocanas***, 70 Wis. 2d 179 at 185.

¶6    Citing numerous federal cases and statutes, Kienbaum argues at length that in fashioning his sentence the court should have looked to the "meaningful benchmark" of federal sentencing guidelines. We disagree.

¶7    As Kienbaum acknowledges, Wisconsin courts are not bound by the federal sentencing guidelines. ***State v. Kaczynski***, 2002 WI App 276, ¶11 n.1, 258 Wis. 2d 653, 654 N.W.2d 300. Indeed, the guidelines are advisory, not mandatory, in federal courts. *See* ***United States v. Booker***, 543 U.S. 220, 245 (2005). The court here explained that its overriding sentencing consideration was

the gravity of the offense. The court deemed it a "very significant crime" yet imposed a "moderate" sentence on the spectrum of available sentences. Our supreme court may wish to take on the question of the weight of the federal guidelines at sentencing, but it is not for this court to do so.

¶8 Further, we are not persuaded that the cases Kienbaum cites in which more lenient sentences were imposed by other Wisconsin courts for what he portrays as analogous crimes command a lesser sentence here. This demonstrates the essence of sentencing discretion. Kienbaum faced a total twenty-five-year sentence: fifteen years' IC plus ten years' ES. He received just over half of that, and the court explained its rationale. "In the absence of a nexus between the crimes and defendants, the disparate sentences are totally irrelevant …." *McCleary v. State*, 49 Wis. 2d 263, 272, 182 N.W.2d 512 (1971). The misdeeds were ongoing and ceased only when the scheme was discovered. His sentence is not disproportionate to the offense committed.

*New Factor*

¶9 Kienbaum contends the subsequent resolution of Sadoff's civil action against him was a new factor justifying modification of his sentence. Again we disagree.

¶10 A circuit court has inherent authority to modify, in its discretion, a sentence upon a defendant's showing of a new factor. *State v. Harbor*, 2011 WI 28, ¶¶35, 37, 333 Wis. 2d 53, 72, 797 N.W.2d 828. A "new factor" is

> a fact or set of facts highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all of the parties.

4

*Id.*, ¶40 (citation omitted). The defendant must prove the existence of a new factor by clear and convincing evidence. *Id.* ¶36. Whether a defendant proves the existence of a new factor presents a question of law reviewed de novo but whether a new factor warrants sentence modification lies within the circuit court's discretion. *State v. McDermott*, 2012 WI App 14, ¶9, 339 Wis. 2d 316, 810 N.W.2d 237.

¶11 Kienbaum contends that, because he disputed Sadoff's claimed damages, his agreement to resolve the civil litigation by paying additional punitive sums was a new factor as it did not exist at the time of sentencing.

¶12 Noting that the resolution of the civil case was known both to it and the parties, the court was not persuaded that it should consider a different sentence. We agree. The civil lawsuit was discussed at the presentence restitution hearing, in Kienbaum's sentencing memorandum, and at the sentencing hearing. As the existence of the civil lawsuit was known to the court at sentencing, it cannot be a new factor. *See Harbor*, 333 Wis. 2d 53, ¶40.

¶13 Nor was the resolution of the civil lawsuit highly relevant to the sentence the court imposed. *Id.*, ¶36. In fact, Kienbaum's attorney argued at sentencing that he did not believe the outcome of the ongoing civil case was "that relevant." The court's focus on the gravity of Kienbaum's crimes proved Kienbaum's trial attorney correct. It considered that Kienbaum prepaid millions in restitution and had positive character traits, but still found it necessary to impose eleven years' IC given his "significant breach of the public trust." As the court knew the parties still were disputing the numbers in the civil action and focused its sentencing rationale on the gravity of Kienbaum's crimes, the resolution of the civil suit was not highly relevant. The court stated that Kienbaum did not

convince it that, had it known more about the resolution of the civil case, it would have imposed a different sentence. Kienbaum thus failed to prove the existence of a new factor by clear and convincing evidence. *See **id***.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.