STATE of Wisconsin, Plaintiff-Respondent,

v.

Danny G. HARRELL. Defendant-Appellant.†

Court of Appeals

*No. 93–1702–CR. Submitted on briefs January 10, 1994.—Decided February 15, 1994.*

(Also reported in 513 N.W.2d 676.)

†Petition to review dismissed-untimely.

408

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Danny G. Harrell,* pro se.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Danny Harrell appeals a judgment of conviction of second-degree sexual assault of a child and third-degree sexual assault and an order denying postconviction relief. Harrell contends that he is entitled to withdraw his plea of no contest because he was not adequately informed of his right to a unanimous jury verdict. Harrell also contends that he should be

able to withdraw his plea because there was no factual basis for the acceptance of the plea of third-degree sexual assault. We affirm the judgment and order.

Harrell was charged with three counts of first-degree sexual assault of a child, in violation of § 948.02(1), STATS.[1] After the preliminary hearing, where the victim, C.A.W., testified, an information was filed charging Harrell with four counts of first-degree sexual assault of a child in violation of § 948.02(1).

Harrell negotiated a plea agreement that provided that the prosecutor would dismiss the four counts of first-degree sexual assault of a child and allow him to enter a plea of no contest to one count of second-degree sexual assault of a child in violation of § 948.02(2), STATS.,[2] and one count of third-degree sexual assault in violation of § 940.225(3), STATS.[3] At the plea hearing, without objection from Harrell, the trial court agreed to use the probable cause section of the criminal complaint and the preliminary hearing testimony as the factual basis for Harrell's plea of no contest to these charges.

After Harrell's attorney successfully moved for substitution of attorney at Harrell's request, Harrell's new attorney filed and then withdrew a motion for

---

[1] Section 948.02(1), STATS., states: "**First degree sexual assault.** Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 13 years is guilty of a Class B felony."

[2] Section 948.02(2), STATS., states: "**Second degree sexual assault.** Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class C felony."

[3] Section 940.225(3), STATS., states: "**Third degree sexual assault.** Whoever has sexual intercourse with a person without the consent of that person is guilty of a Class D felony."

413

withdrawal of the plea. Harrell was then sentenced. Harrell filed a postconviction motion requesting withdrawal of his plea. The motion for postconviction relief was denied, and this appeal followed.

The trial court's decision regarding the withdrawal of a plea of guilty or no contest is discretionary and will not be upset on review unless there has been an erroneous exercise of discretion. *State v. Spears*, 147 Wis. 2d 429, 434, 433 N.W.2d 595, 598 (Ct. App. 1988). A postconviction motion for the withdrawal of a plea should only be granted when necessary to correct a manifest injustice. *State v. Duychak*, 133 Wis. 2d 307, 312, 395 N.W.2d 795, 798 (Ct. App. 1986). Harrell has the burden of showing by clear and convincing evidence that withdrawal of the plea is necessary to correct a manifest injustice. *See State v. Schill*, 93 Wis. 2d 361, 383, 286 N.W.2d 836, 846-47 (1980).

A plea of guilty that is not knowingly, voluntarily or intelligently entered creates a manifest injustice. *State v. Bangert*, 131 Wis. 2d 246, 257, 389 N.W.2d 12, 19 (1986); *see also* § 971.08, STATS.[4] To satisfy due process requirements, the trial court must affirmatively establish that Harrell's no contest plea was entered voluntarily and understandingly. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Bangert*, 131 Wis. 2d at 259, 389 N.W.2d at 20. "This includes a showing or an allegation and evidence which shows that the effective waiver of federal constitutional rights was knowing

---

[4] Section 971.08(1)(a), STATS., states that before a court accepts a plea of no contest, it shall "Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted."

and intelligent." *Bangert,* 131 Wis. 2d at 257, 389 N.W.2d at 19.

■

Harrell contends that the trial court did not follow the § 971.08, STATS., procedure because it did not explain his right to a unanimous jury to him, and, therefore, his plea was not knowingly, voluntarily and intelligently made. "Whenever the sec. 971.08 procedure is not undertaken or whenever the court-mandated duties are not fulfilled at the plea hearing, the defendant may move to withdraw his plea." *Bangert,* 131 Wis. 2d at 274, 389 N.W.2d at 26. The burden initially rests with Harrell to make a prima facie showing that his plea was not accepted in conformance with § 971.08, or other mandated procedures. *Bangert,* 131 Wis. 2d at 274, 389 N.W.2d at 26. The burden then shifts to the State to show by clear and convincing evidence that, despite an inadequate plea transcript, Harrell's plea was knowingly, voluntarily and intelligently entered. *See id.*

■

Harrell met his burden of making a prima facie showing that his plea was not accepted in conformance with § 971.08, STATS. The trial court acknowledged at the postconviction hearing that the plea hearing transcript showed that Harrell was not advised of his right to a unanimous jury verdict. Therefore, the burden shifted to the State.

Whether Harrell was advised of his right to a unanimous jury verdict is an issue of fact. The trial court's "findings of fact will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Section 805.17(2), STATS.

415

The trial court based its finding on the postconviction testimony of Harrell's attorney at the time of the plea, Ronald Colwell. Colwell testified that he was an experienced criminal attorney, and that it was his "routine practice" to discuss all of the constitutional rights covered in the guilty plea questionnaire with his client, including the right to a unanimous jury verdict. The trial court was therefore entitled to infer that Colwell followed this routine with Harrell. Based on Colwell's testimony, the trial court found that Harrell was advised of his right to a unanimous jury verdict. Because this finding is supported by the evidence, the trial court's refusal to allow Harrell to withdraw his plea on this basis was not an erroneous exercise of discretion.

Harrell next contends that his plea should have been withdrawn because there is no factual basis in the record to support third-degree sexual assault, as defined by § 940.225(3), STATS. The complaint alleged four counts of first-degree sexual assault of a child, contrary to § 948.02(1), STATS. The trial court used the preliminary hearing and the probable cause section of the criminal complaint as the factual basis for the reduced charges of second-degree sexual assault of a person who has not attained the age of sixteen contrary to § 948.02(2), and third-degree sexual assault contrary to § 940.225(3). Because the eleven-year-old victim's lack of consent was not an element of the initial crimes charged, it was not alleged in the criminal complaint or the preliminary hearing. Harrell argues, therefore, that there is no factual basis for the acceptance of his plea of no contest to third-degree sexual assault because lack of consent is an element of that crime.

416

This issue was not raised before the trial court. Harrell contends that this court should address it nevertheless because the defect in the plea transcript constitutes "plain error." Plain error is so fundamental that a new trial or other relief must be granted even though a proper objection was not made to the trial court. *State v. Sonnenberg*, 117 Wis. 2d 159, 177, 344 N.W.2d 95, 103 (1984). We do not have to determine whether there was plain error to address this issue. While we generally do not review an issue raised for the first time on appeal, this is a rule of judicial administration and does not affect our power to deal with the issue. *Wirth v. Ehly*, 93 Wis. 2d 433, 443-44, 287 N.W.2d 140, 145-46 (1980). Because both parties have briefed the issue and the issue is of constitutional magnitude, whether or not the acceptance of Harrell's plea violated his right to due process, we will review it. *See L.K. v. B.B.*, 113 Wis. 2d 429, 448, 335 N.W.2d 846, 856 (1983) (constitutional issues may be considered for the first time on appeal if it is in the best interest of justice, parties have had the opportunity to brief issues, and facts are undisputed). Additionally, we will address the issue in the interest of judicial economy.[5]

As stated, to satisfy due process requirements the trial court must affirmatively establish that Harrell's no contest plea was entered voluntarily and understandingly. *See Boykin*, 395 U.S. at 242; *Bangert*, 131 Wis. 2d at 259, 389 N.W.2d at 20. A plea cannot be "truly voluntary unless the defendant possesses an

[5] Harrell presents a premature ineffective assistance of counsel argument for addressing this issue. Therefore, if we do not address this issue here, it is likely we will have to address it later as an ineffective assistance of counsel issue.

understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Therefore, a plea cannot be accepted unless the trial court addresses "the defendant personally and determine[s] that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted." Section 971.08(1)(a), STATS. If the trial court concludes that the evidence provided sufficient factual support for the plea, an appellate court will not upset the finding unless it is contrary to the great weight and clear preponderance of the evidence. *Broadie v. State*, 68 Wis. 2d 420, 423, 228 N.W.2d 687, 689 (1975).

Harrell's argument is that even though there is no question that the complaint and preliminary hearing testimony established a sufficient factual basis for four counts of first-degree sexual assault, the State failed to establish a factual basis for the reduced charge of third-degree sexual assault and he, therefore, should be able to withdraw his plea. We reject Harrell's argument.[6]

Part of the purpose of § 971.08(1)(a), STATS., is to protect a defendant who pleads voluntarily and who understands the charges brought, but does not realize that his or her conduct does not actually fall within the statutory definition of the crime. Therefore, the trial court is required to examine the facts and be satisfied that the facts, if proven, would constitute the crime charged and that the defendant's conduct does not amount to a defense. *Broadie*, 68 Wis. 2d at 423, 228

---

[6] Our reasoning for rejecting Harrell's argument adopts in part the reasoning of the Wisconsin Jury Instruction Committee. *See* Committee Note for accepting a plea of guilty, Wis J I—Criminal SM-32, at 16-17 (1993).

N.W.2d at 689. However, the supreme court has also explained that when a plea is pursuant to a plea bargain, the trial court is not required to go to the same length to determine whether the facts would support the charge as it would if there were no plea bargain. *Id.* at 423-24, 228 N.W.2d at 689. This latter rule reflects the reality that often in the context of a plea bargain, a plea is offered to a crime that does not closely match the conduct that the factual basis establishes. In light of *Broadie*, we conclude that in a plea bargain context, the requirements of § 971.08(1)(a) are met if the trial court satisfies itself that the plea is voluntary and understandingly made and that a factual basis is shown for either the offense to which the plea is offered or to a more serious charge reasonably related to the offense to which the plea is offered. This is the case even when a true greater- and lesser-included offense relationship does not exist.

Therefore, we must determine whether a factual basis was shown either for the offense which Harrell agreed to plead guilty to, third-degree sexual assault, or a more serious charge reasonably related to third-degree sexual assault—specifically the initial charge of first-degree sexual assault of a person who has not attained the age of thirteen. No one disputes that there was a factual basis for the more serious charge in this case.

Here, the two offenses are reasonably related. Although the similar language of the two offenses alone might allow us to conclude that the offenses are reasonably related, the history of first-degree sexual assault of a child illustrates how closely the offenses are in fact related. First, prior to 1987, sexual contact or sexual intercourse with a child was a crime under the general sexual assault law, § 940.225, STATS., 1985-

86. In 1987 the part of § 940.225 dealing with sexual assault of a child was transferred to ch. 948, STATS., crimes against children. The fact that the crime of sexual assault of a child, as now defined in § 948.02, STATS., was once encompassed within § 940.225 illustrates that the two offenses are related.

Additionally, consent has historically not been an element of the crime of sexual assault of a child because persons under a certain age are considered incapable of giving consent.[7] Therefore, although we do not go so far as declaring that the fact that the victim was under thirteen years of age provides a factual basis for lack of consent, this history does illustrate that the two offenses are reasonably related. Therefore, we conclude that the trial court's finding that there was a factual basis for the plea was not contrary to the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment and order affirmed.

---

[7] *See e.g.* Comments-Laws of 1981, ch. 308, WIS. STAT. ANN. § 940.225 (West Supp. 1993).