**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10253 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01354-JGZ-JR-1 |
| v. | |
| FILIBERTO HERNANDEZ-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted April 17, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and GLEASON,[**] District
Judge.

Defendant-Appellant Filiberto Hernandez-Garcia, a citizen of Mexico, pled

guilty to one count of re-entry after deportation in violation of 8 U.S.C. §§ 1326(a)

and (b)(1). At sentencing, the district court imposed a 16-level enhancement based

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

on Hernandez-Garcia's 2004 Wisconsin state conviction as a party to the crime of third-degree sexual assault in violation of Wis. Stat. § 940.225(3), finding that it was a forcible sex offense, and therefore categorically a crime of violence. *See* U.S.S.G. § 2L1.2(b)(1)(A). Hernandez-Garcia argues on appeal that the district court erred in finding that his prior conviction was categorically a crime of violence. He contends the Wisconsin statute is broader than the generic definition of forcible sex offense because it allows lack of consent to be based on the age of the victim.

The Sentencing Guidelines, and our case law, recognize that a forcible sex offense requires "a sexual act where 'consent to the conduct': (1) 'is not given'; or (2) 'is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced.'" *United States v. Caceres-Olla*, 738 F.3d 1051, 1054–55 (9th Cir. 2013) (quoting U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)).

In determining whether a prior conviction is categorically a crime of violence, we look to the elements of the crime and authoritative interpretations to determine whether the statute has been interpreted more narrowly or broadly than the generic definition. *See United States v. Gonzalez-Monterroso*, 745 F.3d 1237, 1244 n.4 (9th Cir. 2014) ("[W]hen determining the categorical reach of a state crime, we consider not only the language of the state statute, but also the

2

interpretation of that language in judicial opinions.") (internal quotation marks omitted).

If a defendant demonstrates, either through statutory language or through state court interpretations, that a statute is applied to conduct outside the generic definition, that statute is not a categorical match. In *Gonzales v. Duenas-Alvarez,* the Supreme Court reasoned:

> Moreover, in our view, to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. *It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.* To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But *he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.*

549 U.S. 183, 193 (2007) (emphasis added).

Here, Hernandez-Garcia has shown that the Wisconsin courts in his own case, and at least two others, have allowed lack of consent to be based on the age of the victim. *See State v. Harrell*, 513 N.W.2d 676 (Wis. App. 1994); *State v. Thomas*, 743 N.W.2d 167 (Wis. App. 2007) (table text). We have held that a state statute which bases lack of consent solely on the victim's age is not categorically a forcible sex offense. *See Caceras-Olla*, 738 F.3d at 1056–57.

3

Hernandez-Garcia has satisfied the Supreme Court's requirements and shown a realistic probability that Wisconsin applies Wis. Stat. § 940.225(3) to conduct falling outside the generic definition of forcible sex offense. The 16-level enhancement therefore should not have been imposed because his prior conviction was not for a categorical crime of violence.

Sentence **VACATED** and **REMANDED** for resentencing. The parties shall bear their own respective costs on appeal.