COURT OF APPEALS
DECISION
DATED AND FILED

January 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1058-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF420**

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

 PLAINTIFF-RESPONDENT,

 V.

KODY K. JOHNSON,

 DEFENDANT-APPELLANT.

---

 APPEAL from a judgment and an order of the circuit court for Dane County: JILL J. KAROFSKY, Judge. *Affirmed*.

 ¶1 GRAHAM, J.[1] In this appeal, Kody K. Johnson contends that he should be allowed to withdraw his guilty plea to three misdemeanor counts of

---

 [1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

contempt of court. I affirm the circuit court because I conclude that there was a factual basis for the charges and that Johnson fails to demonstrate that plea withdrawal is necessary to correct a manifest injustice.

## BACKGROUND

¶2 Johnson is the father of an infant daughter. The charges in this proceeding, which I refer to as the "criminal case," stem from an incident in which Johnson took the child out of state and failed to return her to her mother, T.L.C. Johnson and T.L.C. are also parties to a separate but related matter, Dane County Case No. 2018PA50PJ, which I refer to as the "paternity case."

¶3 According to the complaint in the criminal case, T.L.C. requested police presence for a child exchange on February 15, 2018. Johnson did not show up with the child, an officer attempted to contact him, and Johnson returned the call the same day. The officer advised Johnson that his conduct was illegal and that if he didn't return the child to T.L.C. in 12 hours, he could face criminal charges. Johnson did not return the child, despite subsequent phone calls and demands that he do so by law enforcement on February 16 and February 20.

¶4 Meanwhile, a circuit court commissioner held a hearing in the paternity case on March 1, 2018. Additional facts about this hearing and the order issued by the commissioner are set forth as needed below.

¶5 On March 6, 2018, the State filed the criminal complaint, which charged Johnson with one felony count of interference with child custody, contrary to WIS. STAT. § 948.31(2). Johnson was eventually apprehended in Indiana on March 7, 2018, and the child was returned to T.L.C.

¶6 Johnson negotiated a plea agreement with the State, and defense counsel presented the agreement to the circuit court at a plea hearing. In accordance with the negotiated agreement, the State amended the charges to three misdemeanor counts of contempt of court pursuant to WIS. STAT. §§ 785.01(1)(b) and 785.03(1)(b). Defense counsel informed the court that the amended charges were based on Johnson's "intentional disobedience, resistance, or obstruction" of an order issued in the paternity case, and that Johnson would be charged with one count of contempt for his conduct on March 1, a second count for March 2, and a third count for March 3. Defense counsel explained that Johnson normally would have a right to a hearing on contempt charges, but that "[h]e is waiving that because this is a negotiated disposition."

¶7 Neither party sought to admit the transcript or order from the paternity hearing into the record. Defense counsel orally supplemented the record with the following facts: (1) the court commissioner entered an order in the paternity case on March 1, 2018; (2) Johnson had attempted to appear at the paternity hearing by telephone, but the commissioner did not allow him to do so; (3) the commissioner determined that Johnson was the biological father of the child; and (4) the commissioner gave full custody of the child to T.L.C. Defense counsel agreed that the court could use the facts in the criminal complaint along with the facts outlined above to establish the factual basis for the negotiated charges.

¶8 The circuit court found a factual basis for the charges based on "the combination of" the allegations in the criminal complaint and defense counsel's statements on the record at the plea hearing. The court asked Johnson whether he understood the nature of each of the contempt charges, and for each charge, Johnson responded that he did. Johnson pleaded guilty to each of the charges, and

the court accepted the joint sentencing recommendation and sentenced Johnson to two years of probation.

¶9      Johnson then moved for postconviction relief and requested that the circuit court vacate the judgment of conviction and allow him to withdraw his plea. The court denied the motion, and Johnson appeals.

## DISCUSSION

¶10     Johnson argues that the circuit court erred when it determined that there was a factual basis for the charges of contempt of court. In the alternative, he argues that even if there was a sufficient factual basis that he intentionally disobeyed a court order, it was a single continuous act and the circuit court erred by determining that there was a factual basis for three separate counts. I address each argument in turn.

## I.

¶11     A defendant who seeks to withdraw his plea after sentencing "carries the heavy burden of establishing, by clear and convincing evidence," that "refusal to allow withdrawal of the plea would result in manifest injustice." *State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836; *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906. "[I]f a circuit court fail[ed]

to establish a factual basis" for a plea as required by WIS. STAT. § 971.08(1)(b), "manifest injustice has occurred." ***Thomas***, 232 Wis. 2d 714, ¶17.[2]

¶12   "A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts ... even if an exculpatory inference could also be drawn …." ***State v. Spears***, 147 Wis. 2d 429, 435, 433 N.W.2d 595 (Ct. App. 1988).   The purpose of the factual basis requirement is to protect a defendant from unwittingly pleading guilty without realizing that his conduct does not constitute the charged crime.  ***Thomas***, 232 Wis. 2d 714, ¶14.  When the plea was the product of a negotiated plea agreement, however, the circuit court is not required to go to "the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea."  ***State v. Sutton***, 2006 WI App 118, ¶16, 294 Wis. 2d 330, 718 N.W.2d 146 (quoting ***Broadie v. State***, 68 Wis. 2d 420, 228 N.W.2d 687 (1975)); *see also* ***State v. Harrell***, 182 Wis. 2d 408, 419, 513 N.W.2d 676 (Ct. App. 1994) (the rule from ***Broadie*** "reflects the reality that often in the context of a plea bargain, a plea is

---

[2] Our supreme court has explained that a circuit court's determination that there was a sufficient factual basis to accept a plea will be upheld unless clearly erroneous.  ***State v. Tourville***, 2016 WI 17, ¶18, 367 Wis. 2d 285, 876 N.W.2d 735.  In other circumstances, however, this court appeared to consider the inquiry as a question of law reviewed de novo.  *See* ***State v. Peralta***, 2011 WI App 81, ¶16, 334 Wis. 2d 159, 800 N.W.2d 512.  I need not address whether ***Tourville*** and ***Peralta*** are consistent since the parties do not address that issue and, although I apply the clearly erroneous standard, I would also affirm the circuit court under a de novo standard of review.

offered to a crime that does not closely match the conduct that the factual basis establishes").[3]

¶13 The amended charges in this case were based on Johnson's alleged "intentional … disobedience, resistance, or obstruction" of an order issued on March 1, 2018, by the court commissioner in the paternity case. *See* WIS. STAT. § 785.01(1)(b). Johnson first contends that there was no factual basis for believing that the paternity court actually awarded custody to T.L.C. or ordered Johnson to return the child. According to Johnson, defense counsel's statements during the plea hearing were merely "speculation," which is insufficient to establish a factual basis since the March 1 order is not in the record[4] and none of the participants in the plea hearing were actually present during the paternity hearing. Johnson also argues that even if the paternity court commissioner did order him to return the child to T.L.C., "[t]here is no indication in the record that Mr. Johnson was ever advised of the events of the March 1 paternity hearing or the details of any order that was issued by the court commissioner."

---

[3] The ***Harrell*** court determined that in the context of a plea bargain, the factual basis requirement is satisfied if there is a factual basis "either [for] the offense to which the plea is offered or [for] a more serious charge reasonably related to the offense to which the plea is offered." ***State v. Harrell***, 182 Wis. 2d 408, 419, 513 N.W.2d 676 (Ct. App. 1994). Because the State does not argue that the record established a factual basis for the more serious felony charge of interference with child custody, I do not address this issue further.

[4] Johnson may be arguing that it was necessary to introduce the custody order to establish the factual basis for the charges. To the extent he is making that argument, I disagree. A court can rely on hearsay to establish factual basis, *see* ***State v. Black***, 2001 WI 31, ¶11, 242 Wis. 2d 126, 624 N.W.2d 363, and it is not necessary to put on proof beyond a reasonable doubt to establish the factual basis for a plea, *see* ***State v. Johnson***, 105 Wis. 2d 657, 665 n.7, 314 N.W.2d 897 (Ct. App. 1981). Although a copy of the order would have been helpful to establish a factual basis for the charges, it is not required when factual basis is established by other permissible means.

¶14     Here, the circuit court relied on defense counsel's statements during the plea hearing to establish the factual basis for the charges. I need not decide whether defense counsel's statements would have alone been sufficient since these statements are bolstered by other facts in the record. *See State v. Black*, 2001 WI 31, ¶11, 242 Wis. 2d 126, 624 N.W.2d 363 ("In conducting this inquiry into whether there is a factual basis for the offense, the trial court may consider … testimony of police officers, the preliminary examination record and other records in the case.").

¶15     During the preliminary hearing in Johnson's criminal case, Detective Samantha Kellogg described a phone call that occurred on March 1, after the paternity hearing, in which she specifically informed Johnson that the paternity court ordered him to return the child. Detective Kellogg testified: "Mr. Johnson called in, and I spoke to him by phone and told him that the court commissioner had found that [Johnson] had absolutely no custody at that point and that the child should be returned to the mother immediately." According to Detective Kellogg's testimony, Johnson told her that he would try to return to Wisconsin the following day, but that he did not do so and was ultimately apprehended in Indiana.

¶16     Johnson does not address Detective Kellogg's testimony at all in his opening brief, and in his reply brief, Johnson only takes issue with the State's interpretation of that testimony. I do not find Johnson's argument persuasive, particularly since his interpretation is founded on an unsupported belief that Detective Kellogg "was [not] actually present during the hearing and would [not] have known what the court commissioner said …." While the record does not conclusively establish whether Detective Kellogg was present at the paternity

hearing,[5] it supports an inference that she learned about the contents of the commissioner's order either at the hearing or through other means. *See Spears*, 147 Wis. 2d at 435 ("A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts ... even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference.").

¶17    Particularly when scrutinized in light of the fact that this was a negotiated plea agreement, *see Broadie*, 68 Wis. 2d at 423-24, and drawing reasonable inculpatory inferences from the record, *see Spears*, 147 Wis. 2d at 435, I conclude that there was a sufficient factual basis in the record to support charges that Johnson intentionally disobeyed, resisted, or obstructed a court order.

## II.

¶18    In the alternative, Johnson argues that even if there was a factual basis to support one count of contempt of court, there was not a factual basis to support three counts. By way of background, the parties stipulated that Johnson was in "continuous contempt" from March 1 until his apprehension on March 7, and they negotiated a deal in which Johnson was charged with one count of contempt for his conduct on March 1, a second count of contempt for his conduct on March 2, and a third count of contempt for his conduct on March 3. Johnson argues that there was not a factual basis sufficient to support three counts of contempt since his disobedience of the March 1 order was one "continuous act."

---

[5] When asked whether she was present at the hearing, Detective Kellogg did not offer a yes or no response. She instead stated "[t]here was a hearing on March 1st" and went on to describe what happened at that hearing.

8

¶19    The problem with Johnson's argument is that it conflates the concept of factual basis with the concept of multiplicity. As discussed above, the focus of a factual basis inquiry is whether the admitted conduct meets the elements of the crime charged, and here, there was a factual basis to support each of the charges. For the reasons explained above, there was a factual basis to support the charge that Johnson intentionally disobeyed a court order on March 1. There was likewise a factual basis to support the charge that Johnson intentionally disobeyed a court order on March 2, and also on March 3.

¶20    Multiplicity, by contrast, is defined as charging "a single criminal offense in more than one count," and the focus of a multiplicity inquiry is whether the charges are identical in law and in fact and whether the legislature intended multiple charges to be brought as a single count. *State v. Grayson*, 172 Wis. 2d 156, 159, 493 N.W.2d 23 (1992). It may be that Johnson could have objected to the three contempt charges on grounds of multiplicity, but if Johnson had a colorable multiplicity argument, he has not raised it. He did not cite to any multiplicity cases in his briefing to the circuit court or this court, nor does he apply the test for multiplicity to the charges in this case. Therefore, I do not decide whether the charges are multiplicitous. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider inadequately developed arguments).

¶21    For the reasons stated above, I conclude that there was a factual basis for the charges and that Johnson fails to demonstrate that plea withdrawal is necessary to correct a manifest injustice.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.