COURT OF APPEALS
DECISION
DATED AND FILED

November 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.      2024AP476-CR**

Cir. Ct. No. 2022CF111

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

      PLAINTIFF-RESPONDENT,

  V.

DEMETRIUS GUS MCCRAY,

      DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI and DAVID C. SWANSON, Judges. *Affirmed*.

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.    Demetrius Gus McCray was originally charged with one count of second-degree sexual assault of a child under 16 years of age, WIS. STAT. § 948.02(2) (2023-24),[1] for groping and sucking the breasts of a 13-year-old girl and touching her vagina over her underwear.  Pursuant to a plea agreement, McCray pleaded guilty to one count of third-degree sexual assault by sexual intercourse, WIS. STAT. § 940.225(3)(a), and was sentenced to a total of five years of imprisonment.  Second-degree sexual assault of a child, § 948.02(2), criminalizes "sexual contact or sexual intercourse" with anyone younger than 16 years old and is punishable by up to 40 years of imprisonment, WIS. STAT. § 939.50(3)(c), while third-degree sexual assault, § 940.225(3)(a), criminalizes "sexual intercourse" with anyone without that person's consent and is punishable by up to 10 years of imprisonment.  Sec. 939.50(3)(g).  After sentencing, McCray moved to withdraw his plea, arguing that his plea was not knowingly, intelligently, and voluntarily entered because the circuit court[2] failed to ensure that he understood the elements of third-degree sexual assault by sexual intercourse.

¶2      The postconviction court[3] held a ***Bangert***[4] hearing at which trial counsel testified that she reviewed the elements of third-degree sexual assault with McCray by going "verbatim over everything" in the jury instruction for that charge as part of the plea questionnaire and waiver of rights form.  She also explained that she crossed out the first reference to "intercourse" in the instruction and replaced it

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

[2] The Honorable David L. Borowski took McCray's plea and sentenced him.  We refer to Judge Borowski as the circuit court.

[3] The Honorable David C. Swanson presided over the postconviction proceedings.  We refer to Judge Swanson as the postconviction court.

[4] ***State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).

with "contact" because McCray was adamant that he did not have sexual intercourse with the victim, and because the factual basis for McCray's guilty plea was his groping of the victim's breast. Counsel further testified that she explained to McCray that pursuant to Wisconsin law, when a defendant pleads to a related crime, the facts "don't have to exactly fit" the statutory elements of that crime for the purpose of allowing the defendant to receive the benefit of a plea agreement. Based on its review of the plea proceedings and trial counsel's testimony, the postconviction court denied McCray's motion, concluding that the State met its burden to prove by clear and convincing evidence that McCray's plea was knowingly, intelligently, and voluntarily entered.

¶3 McCray appeals from the judgment of conviction and from the postconviction court's order denying his motion to withdraw his guilty plea. We agree with the postconviction court that McCray was sufficiently aware of the elements of third-degree sexual assault by sexual intercourse when he entered his guilty plea. Accordingly, we affirm the judgment and order.

## BACKGROUND

¶4 According to the complaint, Helen,[5] the 13-year-old daughter of McCray's girlfriend, was asleep in her room when she was awakened by McCray, who had placed his arms around her neck and torso. McCray kissed her on her cheeks, her mouth, and attempted to "French Kiss" her. He then removed her breasts from her shirt and groped and sucked on them. He also put his hands down her pants and touched her vagina on top of her underwear. Helen reported the assault two days later during a forensic interview at the Milwaukee Children's

---

[5] We use the pseudonym "Helen" to refer to the victim in this case. *See* WIS. STAT. RULE 809.86.

Advocacy Center. The same day Helen reported the assault, detectives interviewed McCray. McCray told police that he kissed Helen, removed her breasts from her shirt, and kissed her breasts. The State charged McCray with one count of second-degree sexual assault of a child under 16 years of age.

¶5 The State and McCray entered into a plea agreement under which the State would move to amend the second-degree sexual assault of a child count to third-degree sexual assault under WIS. STAT. § 940.225(3)(a), in exchange for McCray's guilty plea. The original charge carried a maximum sentence of 40 years of imprisonment while the amended charge carried a maximum sentence of 10 years of imprisonment. WIS. STAT. §§ 939.50(3)(b) and (g), 940.225(3)(a), 948.02(2).

¶6 The State explained at the plea hearing that it was offering this amendment under *State v. Harrell*, 182 Wis. 2d 408, 513 N.W.2d 676 (Ct. App. 1994), because "the factual basis did not align exactly with the underlying conduct outlined in the complaint, but [the State] did discuss that with defense counsel." The circuit court addressed McCray directly and confirmed with him that he "heard the conversation from the State and [his] attorney" regarding the amendment. The circuit court asked trial counsel whether she "discussed with and explained to [McCray] the elements of this offense" and whether she was "satisfied [McCray] understands the elements," and she responded, "Yes."

¶7 The circuit court confirmed with McCray that he had read and signed the plea questionnaire and waiver of rights form and had reviewed it with trial counsel. Attached to the questionnaire was jury instruction WIS JI—CRIMINAL 1218A, titled "Third-Degree Sexual Assault: Sexual Intercourse Without Consent—[WIS. STAT. §] 940.225(3)(a)" which set forth the statutory definition of

third-degree sexual assault by sexual intercourse.  It lists the two elements of the crime as follows:

> 1. The defendant had sexual intercourse with (name of victim).
>
> 2. (Name of victim) did not consent to the sexual intercourse.

Regarding the first element, a handwritten "x" appears over the word "intercourse," and the word "contact" is handwritten above it.  "Intercourse" is not crossed out in the second element or the six other times that the jury instruction references "intercourse."  The instruction defines "sexual intercourse" and "consent," but does not define or reference "sexual contact."

¶8      The circuit court asked trial counsel whether she had reviewed "the agreement" with McCray, and she replied that she did.  She also confirmed that she reviewed the jury instruction with McCray, and she told the circuit court that she believed McCray's plea was voluntary and intelligent.  The parties stipulated that the complaint set forth a factual basis for the plea after the circuit court stated that it was "noting what the State said about the plea and the amendment[.]"  The circuit court accepted McCray's guilty plea, and at a subsequent hearing, it sentenced McCray to five years of prison, consisting of two years of initial confinement followed by three years of extended supervision, consecutive to a revocation sentence McCray was already serving.[6]

¶9      McCray filed a postconviction motion to withdraw his plea, arguing that his plea was not knowing, intelligent, and voluntary because "he was unaware of the correct elements of the charged offense."  Specifically, McCray argued that

---

[6] McCray was previously convicted of second-degree reckless homicide and, as a result of sexually assaulting Helen, his extended supervision was revoked, and he was re-confined.

the jury instruction that he reviewed with his attorney was defective because it incorrectly stated that the first element of third-degree sexual assault "merely required proof of sexual contact." Alternatively, he argued that the instruction was defective because it did not explain that third-degree sexual assault based on sexual contact required proof that the defendant intended to either (1) become sexually aroused or gratified; or (2) sexually degrade or humiliate the victim. *See* WIS. STAT. § 940.225(3)(b), (5)(b)2., and (5)(b)3.

¶10 The postconviction court held a ***Bangert*** hearing at which trial counsel testified that she had reviewed the elements for third-degree sexual assault with McCray by going "verbatim over everything" on the jury instruction, including the definition of consent and sexual intercourse. While reviewing the definition of sexual intercourse, McCray was "adamant he did not engage in the sexual intercourse[.]" Trial counsel testified that she added the word "contact" "partly to please him, but also partly because that is what he was pleading to." She added that because McCray "was adamant there was no sexual intercourse," "contact is there to say it was just for breast contact, not intercourse." Trial counsel stated that she explained to McCray that Wisconsin law allows a defendant to plead guilty to a related crime even if the facts "don't … exactly fit." She told him that "[h]e's getting the benefit of an amendment" and that the amendment "was just for breast contact." In the several weeks between the plea hearing and the sentencing hearing, McCray never expressed any concerns about his understanding of the crime to which he had pleaded guilty. After sentencing, McCray told trial counsel he wished to appeal, and trial counsel testified that she presumed that McCray "was probably unhappy [the sentence] was consecutive."

¶11 After reviewing the plea paperwork and the transcript, the postconviction court found that McCray "was sufficiently advised of the elements

that the State would have to prove" and that his plea was knowing, intelligent, and voluntary. It credited trial counsel's testimony that "she had reviewed all of these issues and the complaint with Mr. McCray[.]" It also noted that the circuit court's plea colloquy was "very clear" and that McCray stated during the colloquy that he understood the amended third-degree sexual assault charge and wished to plead guilty to it.

¶12 The postconviction court further stated that, under the plea agreement, the underlying charge was "reduced to one count of third-degree sexual assault, sexual contact without consent[.]" It stated it believed that the jury instruction trial counsel "should [have] used was 1218B as opposed to 1218A."[7] The postconviction court reasoned that, though there was a difference between the two jury instructions, "it was not a significant difference[.]" Accordingly, it denied McCray's motion to withdraw his guilty plea.

¶13 McCray appeals.

## DISCUSSION

¶14 McCray argues that his plea was not knowingly, intelligently, and voluntarily entered, and he is entitled to withdraw it, because the circuit court failed to ensure that he understood the elements of third-degree sexual assault. "Whether a guilty plea was entered knowingly, intelligently, and voluntarily is a question of constitutional fact." *State v. Fugere*, 2019 WI 33, ¶17, 386 Wis. 2d 76, 924 N.W.2d 469. We accept the circuit court's findings of historical fact unless they are clearly

---

[7] As both parties point out, these statements are not accurate. The State and McCray agree, and the record shows, that the form of third-degree sexual assault McCray pleaded guilty to was third-degree sexual assault based on intercourse under WIS. STAT. § 940.225(3)(a), not sexual contact under § 940.225(3)(b). This mistake does not affect our analysis.

erroneous, and we independently determine whether those facts show that the defendant entered a knowing, intelligent, and voluntary plea. *State v. Brown*, 2006 WI 100, ¶19, 293 Wis. 2d 594, 716 N.W.2d 906.

¶15     To ensure that a plea is knowing, intelligent, and voluntary, a circuit court must "[a]ddress the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted." WIS. STAT. § 971.08(1)(a).  A circuit court must hold an evidentiary hearing on a motion for plea withdrawal if the motion: (1) makes a prima facie showing that the plea was accepted without the court's conformance with § 971.08 or other mandatory duties; and (2) alleges that the defendant in fact did not know or understand information that should have been provided during the plea colloquy. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986).  At the evidentiary hearing, the State bears the burden of proving by clear and convincing evidence that the defendant's plea was validly entered despite the deficiencies in the plea colloquy. *Id.*

¶16     McCray argues that the jury instruction that he reviewed with trial counsel was defective because it incorrectly stated that the first element of third-degree sexual assault was "sexual contact."  McCray claims trial counsel did not advise him that the State would have to prove that he had sexual intercourse with Helen in order to convict him of third-degree sexual assault by sexual intercourse.

¶17     However, trial counsel testified that she had reviewed the elements for third-degree sexual assault with McCray by going "verbatim over everything" on the jury instruction, including the definition of consent and sexual intercourse. While reviewing the definition of sexual intercourse, McCray was "adamant he did not engage in the sexual intercourse[.]"  Trial counsel testified that she added the

8

word "contact" "partly to please him, but also partly because that is what he was pleading to." She added that because McCray "was adamant there was no sexual intercourse," "contact is there to say it was just for breast contact, not intercourse." Trial counsel stated that she explained to McCray that Wisconsin law allows a defendant to plead guilty to a related crime even if the facts "don't … exactly fit." She told him that "[h]e's getting the benefit of an amendment" and that the amendment "was just for breast contact." This is both an accurate statement of the law[8] and consistent with what would actually occur during the plea hearing, i.e., that McCray would concede to the "breast contact" alleged in the complaint as the factual basis for the amended charge, third-degree sexual assault by sexual intercourse under WIS. STAT. § 940.225(3)(a), even though the conceded facts would not "exactly fit" the elements of the amended charge. The postconviction court found this testimony credible. Its finding that trial counsel "had reviewed all of these issues and the complaint with Mr. McCray" was not clearly erroneous.

¶18 McCray further argues that trial counsel was required to make him aware of the elements for third-degree sexual assault based on sexual contact. We disagree. WISCONSIN STAT. § 971.08(1)(a) refers to the "nature of the charge," and

---

[8] In *State v. Harrell*, we held that the factual basis requirement of WIS. STAT. § 971.08(1)(b) is satisfied when "a factual basis is shown for either the offense to which the plea is offered or to a more serious charge reasonably related to the offense to which the plea is offered." *State v. Harrell*, 182 Wis. 2d 408, 419, 513 N.W.2d 676 (Ct. App. 1994). This rule "reflects the reality that often in the context of a plea bargain, a plea is offered to a crime that does not closely match the conduct that the factual basis establishes." *Id.*

In this case, McCray does not challenge the sufficiency of the factual basis for his guilty plea, and the record demonstrates that trial counsel explained to McCray why he was being allowed to plead guilty to third-degree sexual assault by sexual intercourse even though he would only be admitting to having "breast contact" with Helen. Indeed, McCray's adamance that he did not have sexual intercourse with Helen when reviewing the definition of sexual intercourse with trial counsel demonstrates that McCray understood that the factual basis for his plea would not "closely match" the actual elements that the State would have to prove to convict him of third-degree sexual assault by sexual intercourse, and he was being allowed to enter the plea in order to "get the benefit of the amendment" agreed to in the plea agreement. *Id.*

in this case, McCray was charged with third-degree sexual assault by sexual intercourse under WIS. STAT. § 940.225(3)(a) and not third-degree sexual assault by sexual contact under § 940.225(3)(b). McCray was not charged under § 940.225(3)(b) in the original complaint and information or the amended information, so neither the circuit court nor trial counsel was required to make him aware of the elements of a crime for which he was never charged and to which he would not be pleading guilty. *See Bangert*, 131 Wis. 2d at 268-69 (summarizing the methods by which a circuit court may satisfy its obligation to personally determine the defendant's understanding of the nature of the charged crime).

¶19 We agree with the postconviction court that the State proved by clear and convincing evidence that McCray was aware of the elements of third-degree sexual assault by sexual intercourse, WIS. STAT. § 940.225(3)(a), when he entered his plea. Trial counsel credibly testified that she went over all of the elements with McCray, including the definition of "sexual intercourse," and that trial counsel explained to McCray why he was being allowed to plead guilty to third-degree sexual assault by sexual intercourse even though he would only be admitting to having groped Helen's breasts. Moreover, because he was never charged with third-degree sexual assault by sexual contact under § 940.225(3)(b), the circuit court was not required to ascertain his understanding of the elements of that crime.

## CONCLUSION

¶20 We agree with the postconviction court that McCray's plea was knowingly, intelligently, and voluntarily entered. Accordingly, we affirm the judgment of conviction and the postconviction court's order denying McCray's motion to withdraw his plea.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.